2008 OK 89

**STATE ex rel. OKLAHOMA BAR ASSOCIATION**

v.

**THOMPSON.**

No. SCBD–5247.

Supreme Court of Oklahoma.

Sept. 23, 2008.

Dan Murdock, General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

No appearance for Respondent.

REIF, J.

¶ 1 This case is before the Court to determine the final discipline to be imposed on Respondent attorney Donald D. Thompson, pursuant to Rule 7 (Summary Disciplinary Proceedings Before Supreme Court) of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch.1, App.1–A, as amended. These proceedings began in September 2006 when Complainant, the Oklahoma Bar Association, by letter from its General Counsel's Office, notified this Court that Respondent was convicted and sentenced on four felony charges in the District Court of Creek County. The felony convictions were for indecent exposure in violation of 21 O.S. § 1021(A)(1). Submitted along with the letter from the Oklahoma Bar Association were certified copies of the Judgment and Sentence, the Information, an Amended Felony Information, a Second Amended Felony Information and a Third Amended Felony Information filed in the Creek County criminal case, CF–2005–16. Rule 7.2 of the Rules Governing Disciplinary Proceedings provides that the information and judgment and sentence of conviction in the criminal case shall be conclusive evidence

of the commission of the crime upon which the judgment and sentence is based. In view of the fact that the convictions appeared to demonstrate Respondent's unfitness to practice law, this Court issued an Order of Interim Suspension in December 2006, suspending him from the practice of law.

¶2 Upon Respondent's appeal of the convictions to the Oklahoma Court of Criminal Appeals, the imposition of final discipline, if any, was deferred until that appeal was decided. *See* Rules 7.4 and 7.5 of the Rules Governing Disciplinary Proceedings. On September 27, 2007, in Case No. F–2006–901, the Oklahoma Court of Criminal Appeals affirmed the convictions in a not for publication Summary Opinion. The Oklahoma Bar Association notified this Court of the affirmance in November 2007.

¶3 In March 2008, this Court issued an Order giving Respondent an opportunity to show cause why a final order of discipline should not be made. Respondent was directed to inform this Court whether he desired a hearing in the matter and, if not, he was allowed to submit a brief and documents to explain his conduct or mitigate the severity of discipline. The Oklahoma Bar Association was afforded the opportunity to respond to any submissions by legal brief and documentary evidence supporting its recommendation as to discipline. To date, Respondent has not responded to the March 2008 Order. In April 2008, the Oklahoma Bar Association waived the opportunity to respond or file a brief, but requests in the waiver that Respondent be disbarred.

██ ¶4 In *State ex. rel. Oklahoma Bar Ass'n v. Shofner,* 2002 OK 84, ¶¶ 4–6, 60 P.3d 1024, 1027, this Court delineated its role and responsibility in attorney disciplinary cases:

¶4 In disciplinary proceedings this Court acts as a licensing court in the exercise of our exclusive original jurisdiction, not as a reviewing tribunal. *State ex rel. Oklahoma Bar Ass'n v. Downing,* 1990 OK 102, 804 P.2d 1120, 1122. It is our nondelegable, constitutional responsibility to decide the discipline warranted when an attorney is found to have engaged in professional misconduct. *Id.; State ex rel. Oklahoma Bar Ass'n v. Barnett,* 1997 OK 61, ¶2, 940

P.2d 493, 495 (Court's duty in misconduct cases is to independently determine the proper discipline)....

¶5 Our responsibility is not to punish the offending lawyer, but to assess his/her continued fitness to practice law. *State ex rel. Oklahoma Bar Ass'n v. Meek,* 1994 OK 118, 895 P.2d 692, 699. In misconduct cases, we are required to exercise our responsibility with a view to safeguarding the interests of the public, the courts and the legal profession. *Id.* In determining the proper discipline this Court compares the circumstances of the involved case with those of similar previous disciplinary cases involving other attorneys and we examine the respondent's previous disciplinary record-both inquiries geared to determining how best to serve the welfare of the public and the integrity of the bar. *Meek, supra,* 895 P.2d at 700. Also, to arrive at appropriate discipline, a fit factor to consider is the deterrent effect upon both the offending respondent and other attorneys who might contemplate similar conduct in the future. *State ex rel. Oklahoma Bar Ass'n v. McMillian,* 1989 OK 16, 770 P.2d 892, 899; *State ex rel. Oklahoma Bar Ass'n v. Hall,* 1977 OK 117, 567 P.2d 975, 978.

¶6 Mitigating circumstances are also often considered when assessing the appropriate measure of discipline. *State ex rel. Oklahoma Bar Ass'n v. Thomas,* 1995 OK 145, 911 P.2d 907, 913. Also, although discipline should be administered fairly (i.e. evenhandedly), this Court has recognized that the extent of discipline must be decided on a case-by-case basis because each situation will usually involve different transgressions and different mitigating circumstances. *See State ex rel. Oklahoma Bar Ass'n v. Rozin,* 1991 OK 132, 824 P.2d 1127, 1130.

Upon the consideration of the record in light of these principles, we agree with the Oklahoma Bar Association that disbarment is the appropriate discipline.

██ ¶5 The Third Amended Felony Information filed in the criminal case indicates the instances of indecent exposure occurred, respectively: Count 1, on or between

May 5, 2003 and June 10, 2003; Count 2, on or between August 21, 2003 and August 26, 2003; Count 3, on or between September 8, 2003 and September 18, 2003; and Count 4, on or between October 14, 2002 and October 25, 2002. All four Counts list the address of the Creek County Courthouse as the public place where the crimes occurred.[1] Further, Respondent was a State District Judge at the time the criminal conduct took place.[2]

¶6 At a minimum, Respondent's conduct violated Rule 8.4(b) of the Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch.1, App. 3–A, which provides, "[i]t is professional misconduct for a lawyer to ... commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." It also violated Rule 1.3 of the Rules Governing Disciplinary Proceedings, which provides:

> The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

These violations warrant discipline of a severe nature, particularly in the absence of mitigating evidence or some explanation to lessen the discredit Respondent has brought on both the judiciary and legal profession.

¶7 This Court is cognizant that discipline less than disbarment has been imposed in cases where the issue of the appropriate discipline arose from a felony conviction. *See State ex rel. Oklahoma Bar Ass'n v. Wyatt*, 2001 OK 70, ¶8, 32 P.3d 858, 859–860. However, the nature of the crimes in this matter lead this Court to conclude that noth-

ing less than disbarment is appropriate. The conduct was not isolated, having occurred over a fairly lengthy period of time and on four separate occasions. Furthermore, his conduct displayed a complete abdication of judgment.

¶8 Respondent stands convicted of crimes that demonstrate his unfitness to practice law. His criminal behavior is not only socially unacceptable, but is an affront to the judicial branch of government and the legal profession. Such conduct can do nothing other than to undermine public confidence and trust in the dignity and integrity of the judiciary and the legal profession. In light of our responsibility to protect the public and to preserve the trust and confidence in those individuals who are licensed by this Court as legal practitioners, and considering the nature of these crimes, we hold disbarment is warranted.

¶9 **IT IS ORDERED THAT RESPONDENT, DONALD D. THOMPSON IS DISBARRED AND HIS NAME IS STRICKEN FROM THE ROLL OF ATTORNEYS, THE DISBARMENT TO BE EFFECTIVE FROM THE DATE RESPONDENT WAS SUSPENDED BY THIS COURT'S DECEMBER 4, 2006, ORDER OF INTERIM SUSPENSION.**

¶10 ALL JUSTICES CONCUR.

---

1. The Third Amended Felony Information indicates the crimes occurred at 222 E. Dewey, City of Sapulpa. The 2007 Oklahoma Legal Directory, Official Directory of the Oklahoma Bar Association, page 183, sets out the physical address of the Creek County Courthouse in Sapulpa as "222 East Dewey Street."

2. The 2001–2002 Judicial Directory (a pictorial directory), a joint project of this Court and the Oklahoma Bar Association's Public Information Committee, lists Respondent as a Creek County District Judge. The 2003–2004 Judicial Directory (a pictorial directory), a joint project of this Court and the Oklahoma Bar Association's Communications Committee, also lists Respondent as a Creek County District Judge.