2014 OK 96

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Steven Allen HART, Respondent.**

**No. SCBD–6120.**
**No. OBAD–1995.**

Supreme Court of Oklahoma.

Nov. 18, 2014.

Gina Hendryx, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

1. 5 O.S.2011, ch. 1, app. 1–A.

GURICH, J.

### *Facts and Procedural History*

¶1 On April 18, 2014, the Oklahoma Bar Association presented this Court with certified copies of court records and deferred sentences entered against Steven Allen Hart in three separate criminal actions—Tulsa County District Court Case No. CF–2013–2533; Pawnee County District Court Case No. CM–2013–129; and Tulsa County District Court Case No. CM–2013–4773. This disciplinary case was initiated pursuant to Rule 7.2 of the Rules Governing Disciplinary Proceedings.[1] Hart was admitted to the OBA on October 2, 2001.

### *Tulsa County District Court Case No. CF–2013–2533*

¶2 On May 29, 2013, the Tulsa County District Attorney charged Hart with the following crimes:

- Count 1—Eluding a Police Officer (21 O.S. 540A);
- Count 2—Driving Under the Influence of Alcohol (47 O.S. 11–902(A)(2));
- Count 3—Reckless Driving (47 O.S. 11–901);
- Count 4—Driving without a Driver's License (47 O.S. 6–303(A));
- Count 5—Failure to Pay Taxes Due to State (47 O.S. 1151(A)(5));
- Count 6—Failure to Carry Insurance/Security Verification Form (47 O.S. 7–606).

On January 23, 2014, Hart entered a plea of nolo contendere to all six counts. Subsequently, the trial judge entered an order deferring sentencing until January 9, 2017.

### *Pawnee County District Court Case No. CM–2013–129*

¶3 Respondent was additionally charged on June 10, 2013, in the District Court of Pawnee County, Case No. CM–2013–129, with four counts of violating a protective order. An emergency protective order had been issued against Hart on May 8, 2013, in the District Court of Tulsa County, *Silva A. Little v. Steven Allen Hart,* Case No. PO–2013–1346. A copy of this protective order

was served upon Hart the same day it was issued. Hart acknowledged contacting the victim repeatedly and entered a plea of guilty to all four counts on January 28, 2014, and the trial court imposed a one-year deferred sentence.

### Tulsa County District Court Case No. CM–2013–4773

¶4 A third criminal proceeding was initiated against Hart on October 9, 2013, in the District Court of Tulsa County, Case No. CM–2013–4773. Therein, Hart was charged with one misdemeanor count of again violating the May 8, 2013 protective order. Hart entered a guilty plea to the charge on February 18, 2014, and the trial judge issued an order deferring sentencing for a period of three years, to run concurrently with Tulsa County Case No. CF–2013–2533.

¶5 Upon notification of Hart's deferred sentences in each criminal case, the Oklahoma Bar Association initiated a disciplinary proceeding pursuant to RGDP Rule 7.2. Based on the criminal records submitted by the OBA, we issued an order of interim suspension on May 5, 2014. Therein, we instructed Hart to "show cause in writing why a final order of discipline should not be imposed, to request a hearing [before the PRT], or to file a brief and any evidence tending to mitigate the severity of discipline." Hart failed to respond.[2] The OBA offered its response and recommended suspending Hart for a period of two years and one day.

### Standard of Review

¶6 This Court is vested with exclusive and original jurisdiction over attorney disciplinary proceedings. *State of Oklahoma ex rel. Okla. Bar Ass'n v. Cooley*, 2013 OK 42, ¶4, 304 P.3d 453, 454. Our objective in attorney disciplinary cases is to regulate the practice of law in such a manner as is necessary to "safeguard the interests of the public, the judiciary, and the legal profession." *Id.* As in other bar disciplinary matters, we review each aspect of a Rule 7 proceeding de novo. *Id.* ¶4, 304 P.3d at 454.

### Analysis

¶7 RGDP Rule 7 provides a mechanism for conducting disciplinary proceedings on a summary basis. This provision is invoked when a lawyer "has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law." RGDP Rule 7.1. It is commenced by submission of certified copies of the conviction or deferred sentence to the Chief Justice. RGDP Rule 7.2. A deferred sentence is deemed conclusive evidence of an attorney's commission of criminal act(s) in a disciplinary case initiated under RGDP Rule 7. *Id.; see also State of Oklahoma ex rel. Okla. Bar Ass'n v. Kerr*, 2012 OK 108, ¶3, 291 P.3d 198, 199.

¶8 A Rule 7 case requires our determination of two principal issues: 1) whether any attorney's conviction(s) or deferred sentence(s) demonstrate an unfitness to practice law, and if so, 2) the appropriate level of discipline based on all facts and circumstances. *Cooley*, ¶2, 304 P.3d at 454. RGDP Rule 7.3 requires us to immediately issue an order suspending the attorney on an interim basis. Rule 7.3 further provides that upon a showing of good cause, this Court may set aside the order of temporary suspension.

¶9 Our May 5, 2014 order afforded Hart an opportunity to show cause, if any, why the interim suspension should be lifted during the pendency of the disciplinary proceeding. In addition, the suspension order authorized Hart to request a hearing before the Professional Responsibility Tribunal and to submit evidence in mitigation of any final order imposing discipline. Hart declined to respond or provide any mitigating evidence on his behalf. The OBA chose to respond and recommended Hart be suspended for two years and one day. We are therefore constrained

---

2. At the time the suspension order was issued, Hart's official roster address was designated as 7501 E. Apache Street, Tulsa, OK 74115. After delivering the order to Hart at his roster address, our Order of Immediate Interim Suspension was returned. *But see* RGDP Rule 13.1 (recognizing valid service if mailed to the official roster address).

to review the record submitted by the OBA. Our task will be to evaluate the aforementioned criminal acts to determine whether they demonstrate Hart's unfitness to practice law, and if so, impose the appropriate discipline.

¶ 10 While a criminal conviction does not, *ipso facto*, establish an attorney's unfitness to practice law under RGDP Rule 7, our decisions in such disciplinary cases are guided by Rule 8.4 of the Oklahoma Rules of Professional Conduct.[3] ORPC Rule 8.4(b) defines as professional misconduct, any criminal act which reflects adversely on an attorney's "honesty, trustworthiness, or fitness as a lawyer." *State of Oklahoma ex rel. Okla. Bar Ass'n v. Conrady*, 2012 OK 29, ¶ 7, 275 P.3d 133, 136 The comments to Rule 8.4 are illustrative:

> Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offense carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. *A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.* (emphasis added).

¶ 11 Hart pled guilty to one felony and multiple misdemeanor charges in three separate criminal cases. Entering a plea of guilty or nolo contendre to a felony charge has been viewed by this Court as satisfactory evidence of professional misconduct. *Conra-*

*dy*, ¶ 8, 275 P.3d at 136–137. Yet, we have also explained that a felony conviction or deferred sentence does not require an automatic finding of unfitness under the RGDP and ORPC. *State of Oklahoma ex rel. Okla. Bar Ass'n v. Bernhardt*, 2014 OK 20, ¶ 19, 323 P.3d 222, 226. While it is true that the mere classification of a crime as a felony or misdemeanor is not alone dispositive, Hart's plea to the felonious charge of eluding police is an act of direct defiance of his oath to uphold and protect the Oklahoma Constitution. We conclude Hart's plea to the felony charge of eluding an officer was a violation of the ORPC. *see e.g., In re Disciplinary Proceedings Against Soldon*, 324 Wis.2d 4, 782 N.W.2d 81, 83 (2010) (conviction for felony eluding police was a violation of Wisconsin SCR 20:8.4(b)).

¶ 12 Further, as the Comments to Rule 8.4 recognize, repeated criminal transgressions are indicative of an unfitness to practice law. In the present case, Hart was charged with eleven separate criminal counts, in three separate cases, over a period of less than six months. The bulk of these charges stemmed from violating victim's protective orders, indicating a willful indifference for judicial orders and a disregard for the rule of law. We view this pattern of disobedience as a direct reflection of Hart's unfitness to practice law.

¶ 13 Criminal misconduct need not be directly related to the practice of law or involve injury to clients. *State of Oklahoma ex rel. Okla. Bar Ass'n v. Aston*, 2003 OK 101, ¶ 11, 81 P.3d 676, 678 (recognizing fitness to practice law, as contemplated by ORPC Rule 8.4(b), "encompasses more than an absence of detriment to specific clients"). Recently, we issued an order suspending an attorney for two years based on his guilty plea to charges of domestic assault and battery. *State of Oklahoma ex rel. Okla. Bar Ass'n v. Zannotti*, 2014 OK 25, ¶ 25, 330 P.3d 11, 17. We concluded Mr. Zannotti's criminal acts amounted to "a serious breach of a lawyer's ethical duty ..." and were violations of ORPC Rules 8.4(b) and RGDP Rule 1.3. *Id.* at ¶¶ 24–25. *see also Bernhardt*, ¶ 29, 323 P.3d at 228 (holding that attorney's repeated DUI offenses established a pattern of indif-

3. 5 O.S.2011, ch. 1, app. 3–A.

ference to legal obligations and reflects adversely on legal profession); *State of Oklahoma ex rel. Okla. Bar Ass'n v. Wilcox,* 2014 OK 1, ¶ 55, 318 P.3d 1114, 1130 (concluding conviction for stalking wife of local judge was demonstrative of attorney's lack of respect for the judiciary).

¶ 14 Hart's guilty pleas to multiple charges of violating a victim's protective order reflects a willful indifference for judicial orders, and therefore, a disregard for the rule of law. · The remaining charges, although not directly related to following a court order or Hart's professional practice, nevertheless reflect an air of contempt for the rule of law. Under the circumstances presented, we find Hart should be disciplined under RGDP Rule 7, RGDP Rule 1.3 and ORPC Rule 8.4(b).

### *Discipline*

 ¶ 15 Our next task is determining the level of discipline commensurate with the facts of Hart's case. Although we utilize prior decisions as a barometer for imposing attorney discipline, the particular facts and circumstances of each case dictate its resolution. *State of Oklahoma ex rel. Okla. Bar Ass'n v. Townsend,* 2012 OK 44, ¶¶ 31–32, 277 P.3d 1269, 1279–80.

 ¶ 16 The goal in bar disciplinary matters is not punishment, rather it is to "safeguard the interest of the public, of the courts, and of the legal profession." *State of Oklahoma ex rel. Okla. Bar Ass'n v. Albert,* 2007 OK 31, ¶ 11, 163 P.3d 527, 532–533. We must also weigh the deterrent effect upon the attorney. *Conrady,* ¶ 16, 275 P.3d at 139.

The OBA suggested a suspension of ·two years and one day. Such a suspension is both consistent with the aforementioned policy and our prior opinions. Hart's repeated criminal violations brought embarrassment and discredit to himself and the legal profession. *see State of Oklahoma ex rel. Okla. Bar Ass'n v. Thompson,* 2008 OK 89, ¶ 8, 194 P.3d 1281, 1284 (finding criminal conduct so objectionable it could do nothing but "undermine public confidence and trust in the dignity and integrity of the judiciary and the legal profession.").[4] Although given an opportunity to submit a responsive pleading or mitigating evidence in his support, Hart chose to take no action.

¶ 17 We conclude that the appropriate discipline is suspension for a period of two years and one day from the date of this order. Hart may seek reinstatement to the OBA pursuant to RGDP Rule 11. Additionally, Hart is directed to give notice to all clients of his suspension and inability to represent them pursuant RGDP Rule 9.1.[5]

**IN ACCORDANCE WITH RULE 1.7 AND 7 OF THE RULES GOVERNING DISCIPLINARY PROCEEDINGS, RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR TWO YEARS AND ONE DAY.**

¶ 18 Reif, V.C.J., Kauger, Winchester, Edmondson, Taylor, Combs, Gurich, JJ., concur.

¶ 19 COLBERT, C.J., concurs in result.

---

4. We also take judicial notice of Hart's current suspension for non-payment of 2014 OBA dues issued on June 16, 2014. *see State of Oklahoma ex rel. Okla. Bar Ass'n v. Wilcox,* 2009 OK 81, ¶ 29, n. 23, 227 P.3d 642, 655 n. 23.

5. RGDP Rule 9.1 reads:
 When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.

¶ 20 Watt, J., concurs in part and dissents in part.

"While I concur with the imposition of discipline upon this Respondent, I would have disbarred him from the practice of law."