OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HART

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HART
2014 OK 96
Case Number: SCBD-6120
Decided: 11/18/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 96, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL 
RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, 
Complainant,
v.
STEVEN ALLEN HART, Respondent.

BAR DISCIPLINARY PROCEEDING

¶0 Attorney Steven Allen Hart pled guilty to multiple criminal counts arising 
out of three separate proceedings. Pursuant to Rule 7.2 of the Rules Governing 
Disciplinary Proceedings, the Oklahoma Bar Association initiated a disciplinary 
case and proffered the relevant district court filings and deferred sentences. 
We entered an order of interim suspension and directed Hart to show cause why a 
final order of discipline should not be imposed. We further urged Hart to 
provide mitigating evidence in defense of the alleged ethical violations. Hart 
failed to respond. We find the record supports suspension of Respondent's 
license to practice law for a period of two years and one day.

IN ACCORDANCE WITH RULE 7.4 OF THE RULES 
GOVERNING
DISCIPLINARY PROCEEDINGS, RESPONDENT IS 
SUSPENDED
FROM THE PRACTICE OF LAW FOR TWO YEARS AND ONE 
DAY.

Gina Hendryx, Oklahoma Bar Association, Oklahoma City, Oklahoma, for 
Complainant


GURICH, J.
Facts and Procedural History
¶1 On April 18, 2014, the Oklahoma Bar Association presented this Court with 
certified copies of court records and deferred sentences entered against Steven 
Allen Hart in three separate criminal actions -- Tulsa County District Court 
Case No. CF-2013-2533; Pawnee County District Court Case No. CM-2013-129; and 
Tulsa County District Court Case No. CM-2013-4773. This disciplinary case was 
initiated pursuant to Rule 7.2 of the Rules Governing Disciplinary 
Proceedings.[1] 
Hart was admitted to the OBA on October 2, 2001.
Tulsa County District Court Case No. 
CF-2013-2533
¶2 On May 29, 2013, the Tulsa County District Attorney charged Hart with the 
following crimes:

 
 Count 1- Eluding a Police Officer (21 O.S. 540A);
 Count 2- Driving Under the Influence of Alcohol (47 O.S. 11-902(A)(2));
 Count 3- Reckless Driving (47 
 O.S. 11-901);
 Count 4- Driving without a Driver's License (47 O.S. 6-303(A));
 Count 5- Failure to Pay Taxes Due to State (47 O.S. 1151 (A)(5));
 Count 6- Failure to Carry Insurance/Security Verification Form (47 O.S. 
7-606).
On January 23, 2014, Hart entered a plea of nolo contendere to all six 
counts. Subsequently, the trial judge entered an order deferring sentencing 
until January 9, 2017.
Pawnee County District Court Case No. 
CM-2013-129
¶3 Respondent was additionally charged on June 10, 2013, in the District 
Court of Pawnee County, Case No. CM-2013-129, with four counts of violating a 
protective order. An emergency protective order had been issued against Hart on 
May 8, 2013, in the District Court of Tulsa County, Silva A. Little vs. 
Steven Allen Hart, Case No. PO-2013-1346. A copy of this protective order 
was served upon Hart the same day it was issued. Hart acknowledged contacting 
the victim repeatedly and entered a plea of guilty to all four counts on January 
28, 2014, and the trial court imposed a one-year deferred sentence.
Tulsa County District Court Case No. 
CM-2013-4773
¶4 A third criminal proceeding was initiated against Hart on October 9, 2013, 
in the District Court of Tulsa County, Case No. CM-2013-4773. Therein, Hart was 
charged with one misdemeanor count of again violating the May 8, 2013 protective 
order. Hart entered a guilty plea to the charge on February 18, 2014, and the 
trial judge issued an order deferring sentencing for a period of three years, to 
run concurrently with Tulsa County Case No. CF-2013-2533.
¶5 Upon notification of Hart's deferred sentences in each criminal case, the 
Oklahoma Bar Association initiated a disciplinary proceeding pursuant to RGDP 
Rule 7.2. Based on the criminal records submitted by the OBA, we issued an order 
of interim suspension on May 5, 2014. Therein, we instructed Hart to "show cause 
in writing why a final order of discipline should not be imposed, to request a 
hearing [before the PRT], or to file a brief and any evidence tending to 
mitigate the severity of discipline." Hart failed to respond.[2] The OBA offered its response 
and recommended suspending Hart for a period of two years and one day.
Standard of Review
¶6 This Court is vested with exclusive and original jurisdiction over 
attorney disciplinary proceedings. State of Oklahoma ex rel. Okla. Bar Ass'n 
v. Cooley, 2013 OK 42, ¶ 4, 
304 P.3d 453, 454. Our objective 
in attorney disciplinary cases is to regulate the practice of law in such a 
manner as is necessary to "safeguard the interests of the public, the judiciary, 
and the legal profession." Id. As in other bar disciplinary matters, we 
review each aspect of a Rule 7 proceeding de novo. Id. ¶ 4, 304 P.3d at 
454.
Analysis
¶7 RGDP Rule 7 provides a mechanism for conducting disciplinary proceedings 
on a summary basis. This provision is invoked when a lawyer "has been convicted 
or has tendered a plea of guilty or nolo contendere pursuant to a deferred 
sentence plea agreement in any jurisdiction of a crime which demonstrates such 
lawyer's unfitness to practice law." RGDP Rule 7.1. It is commenced by 
submission of certified copies of the conviction or deferred sentence to the 
Chief Justice. RGDP Rule 7.2. A deferred sentence is deemed conclusive evidence 
of an attorney's commission of criminal act(s) in a disciplinary case initiated 
under RGDP Rule 7. Id.; see also State of Oklahoma ex 
rel. Okla. Bar Ass'n v. Kerr, 2012 OK 108, ¶ 3, 291 P.3d 198, 199.
¶8 A Rule 7 case requires our determination of two principal issues: 1) 
whether any attorney's conviction(s) or deferred sentence(s) demonstrate an 
unfitness to practice law, and if so, 2) the appropriate level of discipline 
based on all facts and circumstances. Cooley, ¶ 2, 304 P.3d at 454. RGDP 
Rule 7.3 requires us to immediately issue an order suspending the attorney on an 
interim basis. Rule 7.3 further provides that upon a showing of good cause, this 
Court may set aside the order of temporary suspension.
¶9 Our May 5, 2014 order afforded Hart an opportunity to show cause, if any, 
why the interim suspension should be lifted during the pendency of the 
disciplinary proceeding. In addition, the suspension order authorized Hart to 
request a hearing before the Professional Responsibility Tribunal and to submit 
evidence in mitigation of any final order imposing discipline. Hart declined to 
respond or provide any mitigating evidence on his behalf. The OBA chose to 
respond and recommended Hart be suspended for two years and one day. We are 
therefore constrained to review the record submitted by the OBA. Our task will 
be to evaluate the aforementioned criminal acts to determine whether they 
demonstrate Hart's unfitness to practice law, and if so, impose the appropriate 
discipline.
¶10 While a criminal conviction does not, ipso facto, establish an 
attorney's unfitness to practice law under RGDP Rule 7, our decisions in such 
disciplinary cases are guided by Rule 8.4 of the Oklahoma Rules of Professional 
Conduct.[3] ORPC 
Rule 8.4(b) defines as professional misconduct, any criminal act which reflects 
adversely on an attorney's "honesty, trustworthiness, or fitness as a lawyer." 
State of Oklahoma ex rel. Okla. Bar Ass'n v. Conrady, 2012 OK 133, ¶ 7, 
304 P.3d 453, 454 The comments 
to Rule 8.4 are illustrative:

 
 Many kinds of illegal conduct reflect adversely on fitness to practice 
 law, such as offenses involving fraud and the offense of willful failure to 
 file an income tax return. However, some kinds of offense carry no such 
 implication. Traditionally, the distinction was drawn in terms of offenses 
 involving "moral turpitude." That concept can be construed to include 
 offenses concerning some matters of personal morality, such as adultery and 
 comparable offenses, that have no specific connection to fitness for the 
 practice of law. Although a lawyer is personally answerable to the entire 
 criminal law, a lawyer should be professionally answerable only for offenses 
 that indicate lack of those characteristics relevant to law practice. 
 Offenses involving violence, dishonesty, breach of trust, or serious 
 interference with the administration of justice are in that category. 
 A pattern of repeated offenses, even ones of minor significance when 
 considered separately, can indicate indifference to legal 
 obligation. (emphasis added).
¶11 Hart pled guilty to one felony and multiple misdemeanor charges in three 
separate criminal cases. Entering a plea of guilty or nolo contendre to a felony 
charge has been viewed by this Court as satisfactory evidence of professional 
misconduct. Conrady, ¶ 8, 201 P.3d at 136-137. Yet, we have also 
explained that a felony conviction or deferred sentence does not require an 
automatic finding of unfitness under the RGDP and ORPC. State of Oklahoma ex 
rel. Okla. Bar Ass'n v. Bernhardt, 2014 OK 20, ¶ 19, 323 P.3d P.3d 
222, 226. While it is true that the mere classification of a crime as a felony 
or misdemeanor is not alone dispositive, Hart's plea to the felonious charge of 
eluding police is an act of direct defiance of his oath to uphold and protect 
the Oklahoma Constitution. We conclude Hart's plea to the felony charge of 
eluding an officer was a violation of the ORPC. see e.g., In re 
Disciplinary Proceedings Against Soldon, 782 N.W.2d 81, 83 (Wis. 2010) 
(conviction for felony eluding police was a violation of Wisconsin SCR 
20:8.4(b)).
¶12 Further, as the Comments to Rule 8.4 recognize, repeated criminal 
transgressions are indicative of an unfitness to practice law. In the present 
case, Hart was charged with eleven separate criminal counts, in three separate 
cases, over a period of less than six months. The bulk of these charges stemmed 
from violating victim's protective orders, indicating a willful indifference for 
judicial orders and a disregard for the rule of law. We view this pattern of 
disobedience as a direct reflection of Hart's unfitness to practice law.
¶13 Criminal misconduct need not be directly related to the practice of law 
or involve injury to clients. State of Oklahoma ex rel. Okla. Bar Ass'n v. 
Aston, 2003 OK 101, ¶ 11, 81 P.3d 676, 678 (recognizing 
fitness to practice law, as contemplated by ORPC Rule 8.4(b), "encompasses more 
than an absence of detriment to specific clients"). Recently, we issued an order 
suspending an attorney for two years based on his guilty plea to charges of 
domestic assault and battery. State of Oklahoma ex rel. Okla. Bar Ass'n v. 
Zannotti, 2014 OK 25, ¶ 25, 
330 P.3d 11, 17. We concluded 
Mr. Zannotti's criminal acts amounted to "a serious breach of a lawyer's ethical 
duty. . ." and were violations of ORPC Rules 8.4(b) and RGDP Rule 1.3. 
Id. at ¶¶ 24-25. see also Bernhardt, ¶ 29, 323 P.3d 
at 228 (holding that attorney's repeated DUI offenses established a pattern of 
indifference to legal obligations and reflects adversely on legal profession); 
State of Oklahoma ex rel. Okla. Bar Ass'n v. Wilcox, 2014 OK 1, ¶ 55, 318 P.3d 1114, 1130 (concluding 
conviction for stalking wife of local judge was demonstrative of attorney's lack 
of respect for the judiciary).
¶14 Hart's guilty pleas to multiple charges of violating a victim's 
protective order reflects a willful indifference for judicial orders, and 
therefore, a disregard for the rule of law. The remaining charges, although not 
directly related to following a court order or Hart's professional practice, 
nevertheless reflect an air of contempt for the rule of law. Under the 
circumstances presented, we find Hart should be disciplined under RGDP Rule 7, 
RGDP Rule 1.3 and ORPC Rule 8.4(b).
Discipline
¶15 Our next task is determining the level of discipline commensurate with 
the facts of Hart's case. Although we utilize prior decisions as a barometer for 
imposing attorney discipline, the particular facts and circumstances of each 
case dictate its resolution. State of Oklahoma ex rel. Okla. Bar Ass'n v. 
Townsend, 2012 OK 44, ¶¶ 
31-32, 277 P.3d 1269, 
1279-80.
¶16 The goal in bar disciplinary matters is not punishment, rather it is to 
"safeguard the interest of the public, of the courts, and of the legal 
profession." State of Oklahoma ex rel. Okla. Bar Ass'n v. Albert, 2007 OK 31, ¶ 11, 163 P.3d 527, 532-533. We must also 
weigh the deterrent effect upon the attorney. Conrady, ¶ 16, 275 P.3d at 
139. The OBA suggested a suspension of two years and one day. Such a suspension 
is both consistent with the aforementioned policy and our prior opinions. Hart's 
repeated criminal violations brought embarrassment and discredit to himself and 
the legal profession. see State of Oklahoma ex rel. Okla. Bar Ass'n v. 
Thompson, 2008 OK 89, ¶ 8, 
194 P.3d 1281, 1284 (finding 
criminal conduct so objectionable it could do nothing but "undermine public 
confidence and trust in the dignity and integrity of the judiciary and the legal 
profession.").[4] Although given an opportunity to submit a responsive 
pleading or mitigating evidence in his support, Hart chose to take no 
action.
¶17 We conclude that the appropriate discipline is suspension for a period of 
two years and one day from the date of this order. Hart may seek reinstatement 
to the OBA pursuant to RGDP Rule 11. Additionally, Hart is directed to give 
notice to all clients of his suspension and inability to represent them pursuant 
RGDP Rule 9.1.[5]

 
 IN ACCORDANCE WITH RULE 1.7 AND 7 OF THE RULES
GOVERNING 
 DISCIPLINARY PROCEEDINGS, RESPONDENT IS SUSPENDED FROM THE 
 PRACTICE OF LAW FOR TWO YEARS
AND ONE 
DAY.

¶18 Reif, V.C.J., Kauger, Winchester, Edmondson, Taylor, Combs, Gurich, JJ., 
concur.
¶19 Colbert, C.J., concurs in result.



¶20 Watt, J., concurs in part and dissents in part.
"While I concur with the imposition of discipline upon this Respondent, I 
would have disbarred him from the practice of law."

FOOTNOTES

[1] 5 
O.S.2011, ch. 1, app. 1-A.

[2] At the 
time the suspension order was issued, Hart's official roster address was 
designated as 7501 E. Apache Street, Tulsa, OK 74115. After delivering the order 
to Hart at his roster address, our Order of Immediate Interim Suspension was 
returned. But see RGDP Rule 13.1 (recognizing valid service if 
mailed to the official roster address).

[3] 5 
O.S.2011, ch. 1, app. 3-A.

[4] We also 
take judicial notice of Hart's current suspension for non-payment of 2014 OBA 
dues issued on June 16, 2014. see State of Oklahoma ex rel. Okla. Bar 
Ass'n v. Wilcox, 2009 OK 81, 
¶ 29, n.23, 227 P.3d 642, 
655.

[5] RGDP 
Rule 9.1 reads:
When the action of the Supreme Court becomes final, a lawyer who is disbarred 
or suspended, or who has resigned membership pending disciplinary proceedings, 
must notify all of the lawyer's clients having legal business then pending 
within twenty (20) days, by certified mail, of the lawyer's inability to 
represent them and the necessity for promptly retaining new counsel. If such 
lawyer is a member of, or associated with, a law firm or professional 
corporation, such notice shall be given to all clients of the firm or 
professional corporation, which have legal business then pending with respect to 
which the disbarred, suspended or resigned lawyer had substantial 
responsibility. The lawyer shall also file a formal withdrawal as counsel in all 
cases pending in any tribunal. The lawyer must file, within twenty (20) days, an 
affidavit with the Commission and with the Clerk of the Supreme Court stating 
that the lawyer has complied with the provisions of this Rule, together with a 
list of the clients so notified and a list of all other State and Federal courts 
and administrative agencies before which the lawyer is admitted to practice. 
Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a 
condition precedent to any petition for 
reinstatement.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2003 OK 101, 81 P.3d 676, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ASTON
Discussed
 2007 OK 31, 163 P.3d 527, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ALBERT
Discussed
 2008 OK 89, 194 P.3d 1281, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. THOMPSON
Discussed
 2009 OK 81, 227 P.3d 642, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILCOX
Discussed
 2012 OK 44, 277 P.3d 1269, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. TOWNSEND
Discussed
 2012 OK 108, 291 P.3d 198, STATE ex rel OKLAHOMA BAR ASSOCIATION v. KERR
Discussed
 2013 OK 42, 304 P.3d 453, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COOLEY
Discussed at Length
 2014 OK 1, 318 P.3d 1114, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILCOX
Discussed
 2014 OK 20, 323 P.3d 222, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BERNHARDT
Cited
 2014 OK 25, 330 P.3d 11, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ZANNOTTI
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-902, Persons Under the Influence of Alcohol or Other Intoxicating Substance or Combination Thereof
Cited
 47 O.S. 6-303, Driving While License Under Suspension or Revocation - Penalties
Cited
 47 O.S. 7-606, Failure to Maintain Insurance or Security - Failure to Provide Proof of Insurance or Security - Penalties
Cited
 47 O.S. 11-901, Reckless Driving
Cited